1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL L. OVERTON,

11           Plaintiff,                          No. CIV S-11-2955 CKD P

12           vs.

13   WARDEN, CMC,

14           Defendant.                          ORDER

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  The federal venue statute requires that a civil action, other than one based

18   on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if

19   all defendants reside in the same State, (2) a judicial district in which a substantial part of the

20   events or omissions giving rise to the claim occurred, or a substantial part of property that is the

21   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

22   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

23           In this case, defendant does not reside in this district.  The claim arose in San Luis

24   Obispo County, which is in the Central District of California.  Therefore, plaintiff's claim should

25   have been filed in the United States District Court for the Central District of California.  In the

26   interest of justice, a federal court may transfer a complaint filed in the wrong district to the

1

1  correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

2  1974).  Therefore, this action will be transferred to the Central District.

3          Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

4  United States District Court for the Central District of California.

5  Dated: November 15, 2011

6

7  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

8

9

10  /md
    over2955.21

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26